**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| RICHARD THORPE, | ) **Case No.** |
|         Plaintiff, | ) |
| | ) **PLAINTIFF'S COMPLAINT FOR** |
| v. | ) **DAMAGES** |
| | ) **(Telephone Consumer Protection Act)** |
| CAPITAL ONE BANK (USA), N.A., | ) |
|         Defendant. | ) |
| | ) |

## COMPLAINT

RICHARD THORPE ("Plaintiff"), by and through his attorneys, alleges the following against CAPITAL ONE BANK (USA), N.A., ("Defendant"):

1. Plaintiff brings this action on behalf of himself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 et seq., and the Texas Fair Debt Collection Practices Act (hereinafter "TFDCPA"), Tex. Fin. Code § 392.001 et. seq.

## JURISDICTION AND VENUE

2. Defendant conducts business in the state of Texas, and therefore, personal jurisdiction is established.  Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA and 28

U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained herein.

4. Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

5. Plaintiff is a natural person residing in the county of Denton, in the city of Frisco, Texas.

6. Defendant is a Virginia corporation doing business in the State of Texas, and is headquartered in McLean, Virginia.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts owed by Plaintiff.

9. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (859) 640-74XX.

10. Defendant placed collection calls to Plaintiff from phone numbers including, but not limited to, (800) 955-6600.

11. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

PLAINTIFF'S COMPLAINT

12. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, RICHARD THORPE.

13. Defendant's calls did not constitute calls for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16. On March 9, 2018, Plaintiff called into Defendant's company at phone number (800) 955-6600. After due identification, Plaintiff spoke with Defendant's representative and requested that Defendant cease calling Plaintiff's cellular telephone.

17. During the conversation, Plaintiff gave his social security number to assist Defendant's representative in accessing his account before asking Defendant to stop calling his cell phone.

18. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on March 9, 2018.

19. Despite Plaintiff's requests to cease, Defendant continued to place collection calls to Plaintiff after March 9, 2018.

PLAINTIFF'S COMPLAINT

20. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least one hundred and twenty-nine (129) automated calls to Plaintiff's cellular telephone.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

21. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

23. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

24. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

- 4 -

27. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

28. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
### DEFENDANT VIOLATED THE TFDCPA
### TEX. FIN. CODE § 392.001 et. seq.

29. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-28.

30. Defendant violated the Texas Fair Debt Collection Practices Act, Tex. Fin. Code § 392.302(4).   Defendant's violations of TFDCPA include, but are not limited to the following:

    a. Defendant violated TFDCPA, Tex. Fin. Code § 392.302(4) by causing Plaintiff's telephone to ring repeatedly or continuously and making repeated or continuous telephone calls, with the intent to harass Plaintiff at the called number.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, RICHARD THORPE, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA), N.A.., for the following:

### FIRST CAUSE OF ACTION

29. For statutory damages of $500.00 multiplied by the number of TCPA violations alleged herein (129): $64,500.00.

30. Actual damages and compensatory damages according to proof at time of trial;

### SECOND CAUSE OF ACTION

31. For statutory damages of multiplied by the number of TCPA violations alleged herein (129): $193,500.00;

32. Actual damages and compensatory damages according to proof at time of trial;

PLAINTIFF'S COMPLAINT

### THIRD CAUSE OF ACTION

33. Declaratory judgment that Defendant's conduct violated the Texas Fair Debt Collection Practices Act;

34. Statutory damages of $100.00;

35. Actual damages and compensatory damages according to proof at time of trial.

36.  Litigation costs and reasonably billed attorney's fees after a trial on the merits.

### ON ALL CAUSES OF ACTION

37. Actual damages and compensatory damages according to proof at time of trial;

38. Costs and reasonable attorneys' fees;

39. Any other relief that this Honorable Court deems appropriate.

### JURY TRIAL DEMAND

40. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: July 3, 2018

By: */s/ Jeffrey Lohman*_____
Jeffrey Lohman
The Law Offices of Jeffrey Lohman, P.C.
4740 Green River Rd., Ste. 206
Corona, CA 92880
T: (866) 329-9217
E: jeffl@jlohman.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT